■ JUSTIN D. TOMASINO, Respondent, v AMERICAN TOBACCO COMPANY et al., Appellants, et al., Defendants. [807 NYS2d 603]—

In an action, inter alia, to recover damages for personal injuries, the defendants Philip Morris Incorporated, R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, individually and as successor by merger to the American Tobacco Company, Lorillard Tobacco Company, the Council for Tobacco Research-USA, Inc., the Tobacco Institute, Inc., and Liggett & Myers Tobacco Company appeal, as limited by the brief, from so much of seven orders of the Supreme Court, Nassau County (Martin, J.), all entered April 7, 2004, as denied those branches of their respective motions which were for summary judgment dismissing the causes of action to recover damages for fraudulent concealment occurring after 1969 and for concerted action liability insofar as asserted against them, the defendants Philip Morris Incorporated, Brown & Williamson Tobacco Corporation, individually and as successor by merger to the American Tobacco Company, R.J. Reynolds Tobacco Company, Lorillard Tobacco Company, and Liggett & Myers Tobacco Company, also appeal, as limited by the brief, from so much of the same orders as denied those branches of their respective motions which were for summary judgment dismissing the causes of action to recover damages for post-1969 strict product liability and negligent design defects insofar as asserted against them, and the defendants R.J. Reynolds Tobacco Company, Lorillard Tobacco Company, and Liggett & Myers Tobacco Company also appeal, as limited by the brief, from so much of the same orders as denied those branches of their respective motions which were for summary judgment dismissing the causes of action alleging conspiracy and aiding and abetting the tort of another insofar as asserted against them.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleged that his deceased wife (hereinafter the decedent) contracted lung cancer from smoking cigarettes for more than 20 years that were manufactured, promoted, and/or sold by the appellants. The appellants are five cigarette

manufacturers—Philip Morris Incorporated, Brown & Williamson Tobacco Corporation, individually and as successor by merger to the American Tobacco Company, R.J. Reynolds Tobacco Company, Lorillard Tobacco Company, and Liggett & Myers Tobacco Company (hereinafter collectively the manufacturer appellants), and two tobacco-related entities, the Council for Tobacco Research-USA, Inc., and The Tobacco Institute, Inc.

The Supreme Court properly denied those branches of the appellants' respective motions which were for summary judgment dismissing the causes of action to recover damages for fraudulent concealment occurring after 1969; specifically, after the effective date of the federal Cigarette Labeling and Advertising Act, as amended by the Public Health Cigarette Smoking Act of 1969 (15 USC § 1331 *et seq.*) (hereinafter the Act). The appellants' claim that these causes of action are preempted by the Act is virtually identical to the claim raised in and rejected by this Court in *Miele v American Tobacco Co.* (2 AD3d 799, 801-803 [2003]). As the plaintiff in that case asserted, the plaintiff herein asserts that the appellants "suppressed, ignored, and disregarded test results not favorable to the tobacco industry" and "willfully and intentionally failed to disclose the material facts regarding the dangerous and addictive nature, properties, and propensities of the cigarette by controlling and suppressing material facts." We held that inasmuch as "the predicate duty underlying the plaintiff's fraudulent concealment claims is a state-law duty not to deceive . . . the Supreme Court improperly held that [the] post-1969 fraudulent concealment causes of action were preempted by the Act" (*Miele v American Tobacco Co., supra* at 803). Similarly, in this case, the Supreme Court properly denied those branches of the appellants' respective motions which were for summary judgment dismissing the causes of action alleging fraudulent concealment after 1969 on preemption grounds. Further, we are unpersuaded by the appellants' suggestion that our decision in *Miele v American Tobacco Co. (supra)*, should be revisited and overturned.

There is no merit to the claim that the manufacturer appellants should have been awarded summary judgment dismissing the causes of action to recover damages for post-1969 strict product liability and negligent design defects on the ground that cigarettes were in a condition reasonably contemplated by the ultimate consumer (*see Miele v American Tobacco Co., supra* at 804). " '[C]onsumer expectations do not constitute an independent standard for judging the defectiveness of product designs . . . The mere fact that a risk presented by a product design is open and obvious, or generally known, and that the

product thus satisfies expectations . . . may substantially influence or even be ultimately determinative on risk-utility balancing in judging whether the omission of a proposed alternative design renders the product not reasonably safe. It follows that, while disappointment of consumer expectations may not serve as an independent basis for allowing recovery under [the design defect theory], neither may conformance with consumer expectations serve as an independent basis for denying recovery. Such expectations may be relevant in both contexts, but in neither are they controlling' (Restatement [Third] of Torts, Products Liability § 2, Comment *g*)" (*Miele v American Tobacco Co., supra* at 804).

While the manufacturer appellants suggest that New York applies a consumer expectations test to design defect causes of action, the Court of Appeals made clear in *Denny v Ford Motor Co.* (87 NY2d 248 [1995]) that the determination of whether a design defect is actionable requires a balancing of the risks and utilities of the product, with the consumer's degree of awareness of the product's potential danger being but one factor to consider in that analysis (*see Scarangella v Thomas Built Buses*, 93 NY2d 655 [1999]; *Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 387 [1976]; *Miele v American Tobacco Co., supra* at 804). The plaintiff's design defect causes of action as against the manufacturer appellants, therefore, were not, as they suggest, "subject to dismissal based solely on the conclusion that, as a matter of law, after 1969 when warnings were required to be included on cigarettes, cigarettes were in the condition contemplated by consumers at the time of purchase."

The evidence submitted by the plaintiff in opposition to the manufacturer appellants' respective motions for summary judgment, particularly the affidavit of William A. Farone, a scientist formerly employed by the appellant Philip Morris Incorporated, in which he stated that the manufacturer appellants opted not to develop, pursue, or exploit available technologies to reduce the toxins in cigarettes which cause disease, sufficed to raise an issue of fact as to whether the foreseeable risk of harm posed by cigarettes could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer appellants (*see Miele v American Tobacco Co., supra* at 804-805). "It is ineluctable that, based upon the evidence presented by the plaintiff, a jury may determine that the tobacco companies' objective was to entrap the cigarette smoker to preserve and enhance their economic objectives" (*Miele v American Tobacco Co., supra* at 805). Therefore, the Supreme Court properly denied those branches of the manufacturing appellants' respec-

tive motions which were for summary judgment dismissing the design defect causes of action insofar as asserted against them.

The appellants' remaining contentions are without merit. Cozier, J.P., Ritter, Rivera and Lunn, JJ., concur.